WEIL, Trustee, Respondent, vs. BILTMORE GRANDE
REALTY CORPORATION, Appellant.

*May 14—June 10, 1947.*

14

For the appellant there were briefs by *Arnold C. Otto,* attorney, and *George B. Skogmo* and *Dewey B. Gill* of counsel, all of Milwaukee, and oral argument by *Mr. Otto* and *Mr. Gill.*

For the respondent there was a brief by *B. F. Saltzstein* and *Howard G. Brown,* both of Milwaukee, and oral argument by *Mr. Brown.*

ROSENBERRY, C. J.    In view of the very explicit language of the documents, it is difficult to state the position of corporation in this case.    As we understand it the first contention of corporation is that the first-mortgage bondholders agreed to modification of the trust deed with respect to interest on their bonds.    This contention is based upon the claim that the bondholders consented to have the interest coupons detached and to have income-participating certificates attached to the bonds in lieu of the interest coupons.

In the instrument entitled Consent and Approval of Bondholders, reference to which has already been made, it is to be noted that according to the terms of par. 4 of the consent and approval of bondholders already set out, the bondholders waive their right to collect, demand, or receive payment of the principal of their bonds or interest and to take no action to compel foreclosure of the trust indenture *during the continuance of said trust.*

The contention of corporation that the arrangement between the trustees and the bondholders modified the trust indenture of September 15, 1924, must fail because corporation which was the mortgagor was not a party to that arrangement. There can be nothing more certain than that a contract can only be modified by the concurrence of all the parties to the instrument.

It is further to be noted that in the trustees' participating certificate it is provided:

"This certificate is supplementary to and a part of the hereinbefore mentioned bond and is for the benefit only of the holder thereof. . . ."

This would seem completely to extinguish the claim of corporation that the arrangement between the trustees and the bondholders was for the benefit of the mortgagor.

It is further contended that the arrangement between the trustees and the bondholders resulted in a novation with respect to the payment of interest and relieved the defendant from full compliance with the terms of the original trust indenture. Just how the mortgagor was to be relieved from its promise to pay the indebtedness secured by the trust instrument by an agreement to which it was not a party and which was not made for its benefit and which did not substitute for corporation as original debtor any other debtor, it is difficult to understand. The trustees did not promise to pay the indebtedness. They promised to deal with the income from the property and premises in the manner prescribed by the agreement between the trustees and the bondholders. They nowhere or in no way assumed to pay the indebtedness of corporation.

The trial court correctly concluded that the bondholders did not waive their right to the payment of interest according to the original trust indenture and that the evidence does not warrant a finding that the bondholders have been estopped to assert their claim to the full amount provided for by the original trust indenture.

*By the Court.*—Judgment affirmed.